IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10498
Conference Calendar
_____


TOMMY J. HAMILTON, On behalf
of himself and all others so
similarly situated,

Plaintiff-Appellant,

versus

JOHN C. VANCE, Individually and
in his official capacity as
district attorney of Dallas
County, Texas; ROBERT DOE;
JOHN DOES; JANE DOES; SALLY ZOE;
BEN CLICK, Individually and in
his official capacity as chief of
police of Dallas County, Texas.,

Defendants-Appellees.


- - - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:95-CV-291-X
- - - - - - - - - - -
August 22, 1995


Before KING, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

In order to recover damages for an allegedly

unconstitutional imprisonment, a § 1983 plaintiff must prove that

_____

[*]     Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254, Heck v. Humphrey, 114 S. Ct. 2364, 2372 (1994).  Otherwise, such a claim for damages is not cognizable under § 1983 and must be dismissed.  Id.

If Tommy J. Hamilton's complaint is construed as a 42 U.S.C. § 1983 action stemming from an unconstitutional imprisonment, his claims are not cognizable, as he has failed to demonstrate that his conviction has been set aside or otherwise called into question.  Heck, 114 S. Ct. at 2372.  By Hamilton's own admission, he has not pursued any appeals or habeas remedies.  Therefore, Hamilton cannot seek damages under § 1983 because he cannot demonstrate that his conviction has been invalidated, reversed, or otherwise called into question.

Although Hamilton's complaint could be properly construed as a petition for federal habeas relief, because he has admitted that he has not pursued any appeals or state habeas actions regarding his conviction, he cannot demonstrate that his claim was fairly presented to the state courts.  Without this demonstration, Hamilton cannot show that he is entitled to federal habeas consideration.  The district court did not err in construing Hamilton's complaint as a federal habeas petition and in dismissing that petition for failure to exhaust.  Dispensa v. Lynaugh, 847 F.2d 211, 217-18 (5th Cir. 1988).

AFFIRMED.